UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FDIC as Receiver for Signature Bridge Bank,<br><br>Plaintiff,<br><br>- against -<br><br><br>CYNTHIA E. CONCORDIA and DREAM TO RISE LLC,<br><br>Defendants. | Civil Action No.:  1:23-cv-07222-VSVB<br><br>Hon. Vernon S. Broderick, USDJ |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. §12(b)(6)**

Dated:  November 15, 2023
         New York, New York

James J. DeCristofaro, Esq.
Jason R. Mischel, Esq.
The Lawyer James
462 Seventh Ave Fl 6
New York, New York 10018
Tel.  (212) 500-1891
Fax  (917) 591-0289
E-mail:james@dclfirm.com;
jrm@jrmlegalresearch.com

*Attorneys for Defendants*

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT……………………………………………………….....   1

REPLY STATEMENT OF FACTS/PROCEDURAL HISTORY…………………………..   2

ARGUMENT…………………………………………………………………………….....   3

    I.    THE MOTION SHOULD BE GRANTED BECAUSE PLAINTIFF'S ARGUMENT, IN PLAINTIFF'S MOL, THAT "THE COURT SHOULD EXCLUDE THE STATEMENTS DEFENDANTS SUBMITTED IN THE CONCORDIA AFFIDAVIT AND THE AFFIRMATION OF DEFENDANTS' COUNSEL BECAUSE THEY ARE NOT ALLEGED IN THE AMENDED COMPLAINT" IS WITHOUT MERIT……………………………………………   3

    II.    THE MOTION SHOULD BE GRANTED BECAUSE PLAINTIFF'S ARGUMENT, IN PLAINTIFF'S MOL, THAT THE MOTION SHOULD NOT BE CONVERTED TO A MOTION FOR SUMMARY JUDGMENT IS WITHOUT MERIT………………………………………………………………..   7

    III.    THE MOTION SHOULD BE GRANTED BECAUSE PLAINTIFF'S ARGUMENT, IN PLAINTIFF'S MOL, THAT "THE COURT SHOULD REJECT ARGUMENT SECTIONS I AND II OF THE MOTION BECAUSE THEY IMPROPERLY INCORPORATE STATEMENTS OUTSIDE THE AMENDED COMPLAINT" IS WITHOUT MERIT………………………………   9

    IV.    THE MOTION SHOULD BE GRANTED BECAUSE PLAINTIFF'S ARGUMENT, IN PLAINTIFF'S MOL, THAT "PLAINTIFF'S CLAIMS FOR UNJUST ENRICHMENT AND CONVERSION ARE NOT DUPLICATIVE" IS WITHOUT MERIT………………………………………………………..   10

    V.    THE MOTION SHOULD BE GRANTED BECAUSE PLAINTIFF'S ARGUMENTS, IN PLAINTIFF'S MOL, THAT "DEFENDANTS DID NOT RECEIVE THE FRAUDULENT FUNDS IN GOOD FAITH, IN THE USUAL COURSE OF BUSINESS AND FOR VALUABLE CONSIDERATION" AND THAT "DEFENDANTS WERE PART OF AND ACTIVELY PARTICIPATED IN THE FRAUDULENT SCHEME, AND UNDOUBTEDLY TRANSFERRED THE FRAUDULENT FUNDS INTO ACCOUNTS UNEQUIVOCALLY CONTROLLED BY DEFENDANTS" ARE WITHOUT MERIT………………....   12

    VI.    THE MOTION SHOULD BE GRANTED BECAUSE PLAINTIFF'S ARGUMENT, IN PLAINTIFF'S MOL, THAT "THE FUNDS CAN BE SPECIFICALLY IDENTIFIED," IS WITHOUT MERIT…………………………   16

CONCLUSION……………………………………………………………………………...   18

## **TABLE OF AUTHORITIES**

### **Cases**

Aneless Corp. v. Woodward, 262 N.Y. 326, 329 (1993)…………………………   4, 6, 13

Banque Worms v. BankAmerica Intl., 77 N.Y.2d 362, 372-373 (1991)……........   4, 6, 13

Cimontubo – Tubagens E Soldadura v. Petroleos DE Venezuela, S.A.,
2022 U.S. App. LEXIS 16513 (2d Cir. June 15, 2022)…………………………..   8-9

Citipostal, Inc. v. Unistar Leasing, 283 A.D.2d 916 (4th Dept. 2001)…………   11

Corsello v. Verizon New York, Inc., 18 N.Y.3d 777 (2012)……………………..   10-12

Espire ADS LLC v. Tapp Influencers Corp.,
2023 U.S. Dist. LEXIS 24231 (S.D.N.Y. February 13, 2023)…………………...   12

Family Health Mgt., LLC v. Rohan Devs., LLC,
207 A.D.3d 136 (1st Dept. 2022)…………………………………………………...   16-17

Feldman v. Strulovitch,
2022 U.S. Dist. LEXIS 147552 (S.D.N.Y. August 17, 2022)……………………   11

First Union Nat'l Bank v. A.G. Edwards & Sons, Inc.,
262 A.D.2d 106, 107 (1st Dept. 1999)  ……………………………………………   4, 6, 13-14

Georgia Malone & Co., Inc. v. Rieder, 19 N.Y.3d 511, 516 (2012)……………..   4, 6, 13

Media Glow Digital, LLC v. Panasonic Corp.,
2019 U.S. Dist. LEXIS 37012 (S.D.N.Y. March 6, 2019)………………………   12

Parsa v. State of New York, 64 N.Y.2d 143, 148 (1984)…………………………   4, 6, 13

Pokoik v. Gittens, 171 A.D.2d 470 (1st Dept. 1991)……………………………..   11

Roxx Alison Ltd. v. Shutle, Inc.,
2021 N.Y. Misc. LEXIS 5951 (Sup. Ct. N.Y. Cty) (Reed, J.)……………………   10-11

Schottenstein v. Lee, 2023 U.S. Dist. LEXIS 116146 (S.D.N.Y. July 6, 2023)….   5-7, 9-10, 12-17

Securities & Exch. Commn. v. Lehman Bros., 157 F.3d 2 (1st Cir. 1998)……….   4, 6, 13

Sh575b Holdings LLC v. Reliable Abstract Co.,
195 A.D.3d 429, 431 (1st Dept. 2021)………………………………..................   4, 6, 13, 16-17

Simmons v. Trans Express Inc., 16 F.4th 357 (2d Cir. 2021)……………………  6-7

Simpson & Simpson, PLLC v. Lippes Mathias Wexler Friedman LLP,
130 A.D.3d 1543 (4th Dept. 2015)…………………………………………………  11-12

Topalian v. Hartford Life Ins. Co., 945 F.Supp.2d 294 (E.D.N.Y. 2013)………..  6-7

Trebor Sportswear Co., Inc. v. The Limited Stores, Inc.,
865 F.2d 506 (2d Cir. 1989)………………………………………………………...  7-9

Wainwright v. Goode, 464 U.S. 78, 104 S.Ct. 378 (1983)………………………  12

**Statutes**

Fed. R. Civ. P. §12(b)(6) …………………………………………………………...  1, 4, 6, 11, 17

Defendants Cynthia E. Concordia ("Concordia") and Dream to Rise LLC ("Dream") (collectively the "Defendants") respectfully submit this reply memorandum of law (the "Reply MOL") in support of their Motion to Dismiss the Complaint (the "Motion") Pursuant to Fed. R. Civ. P. §12(b)(6). The Reply MOL is being submitted concurrently with the Reply Affirmation of Jason R. Mischel (the "Mischel Reply Aff.") in support of the Motion.

## PRELIMINARY STATEMENT

In addition to the reasons set forth in Defendants' Memorandum of Law in Support of the Motion (the "MOL"), the Court should grant the Motion for **six** (6) reasons. **First**, Plaintiff's argument, in its Memorandum of Law in Opposition to the Motion ("Plaintiff's MOL") (ECF 21), that "The Court Should Exclude The Statements Defendants Submitted In The Concordia Affidavit And The Affirmation Of Defendants' Counsel Because They Are Not Alleged In The Amended Complaint" is without merit.

**Second**, Plaintiff's argument, in Plaintiff's MOL, that the Motion should not be converted to a Motion for Summary Judgment is without merit.

**Third**, Plaintiff's argument, in Plaintiff's MOL, that "The Court Should Reject Argument Sections I and II Of The Motion Because They Improperly Incorporate Statements Outside The Amended Complaint" is without merit.

**Fourth**, Plaintiff's argument, in Plaintiff's MOL, that "Plaintiff's Claims For Unjust Enrichment And Conversion Are Not Duplicative" is without merit.

**Fifth**, Plaintiff's arguments, in Plaintiff's MOL, that "Defendants Did Not Receive The Fraudulent Funds In Good Faith, In The Usual Course Of Business And For Valuable Consideration" and that "Defendants Were Part Of And Actively Participated In The Fraudulent Scheme, And Undoubtedly Transferred The Fraudulent Funds Into Accounts Unequivocally Controlled By Defendants" are without merit.

**Sixth**, Plaintiff's argument, in Plaintiff's MOL, that "The Funds Can Be Specifically Identified," is without merit.

## REPLY STATEMENT OF FACTS/PROCEDURAL HISTORY

1.      On January 12, 2022, counsel for Plaintiff emailed counsel for Defendants to provide notice that Plaintiff received documents from JP Morgan Chase pursuant to a Subpoena Duces Tecum (the "1/12/22 Plaintiff Discovery Notice Email," a true and correct copy of which is attached to the Mischel Reply Aff. as <u>Ex. A</u>).

2.      On February 8, 2022, the Amended Compl. (ECF 1-2) was filed in the state court action styled *Signature Bank v. Cynthia E. Concordia et al*, Supreme Court of New York, County of New York, Index No. 656524/2021 (the "Previous State Court Action").

3.      On February 24, 2022:  (i) counsel for Plaintiff emailed counsel for Defendants to provide notice that Plaintiff received additional documents from JP Morgan Chase pursuant to a Subpoena Duces Tecum; and (ii) counsel for Plaintiff emailed counsel for Defendants to provide notice that Plaintiff received documents from Wells Fargo pursuant to a Subpoena Duces Tecum (the "2/24/22 Plaintiff Discovery Notice Emails," true and correct copies of which are attached to the Mischel Reply Aff. as <u>Ex. B</u>).

4.      On February 28, 2022, Defendants filed a Motion to Dismiss the Amended Complaint in the Previous State Court Action that included:  (i) an affidavit submitted by Concordia (the "State Court Concordia Aff.") and all the exhibits attached thereto that were collectively re-submitted in this Court by Plaintiff on August 15, 2023 in the Notice of Removal (ECF 1-14 through 1-23); and (ii) an affirmation submitted by counsel (the "State Court Mischel Aff.") and all the exhibits attached thereto that were collectively re-submitted in this Court by Plaintiff on August 15, 2023 in the Notice of Removal (ECF 1-11 through ECF 1-13).

5.      On March 21, 2022, counsel for Plaintiff emailed counsel for Defendants to provide notice that Plaintiff received additional documents from Wells Fargo pursuant to a Subpoena Duces Tecum (the "3/21/22 Plaintiff Discovery Notice Email," a true and correct copy of which is attached to the Mischel Reply Aff. as Ex. C).

6.      On May 6, 2022, counsel for Plaintiff emailed counsel for Defendants to provide notice that Plaintiff received additional documents from JP Morgan Chase pursuant to a Subpoena Duces Tecum (the "5/6/22 Plaintiff Discovery Notice Email," a true and correct copy of which is attached to the Mischel Reply Aff. as Ex. D).

7.      At no time between February 8, 2022 and August 15, 2023 did Defendants receive discovery demands from Plaintiff.

8.      On August 15, 2023, more than eighteen (18) months after filing the Amended Compl., Plaintiffs filed its Notice of Removal of this matter to this Court (ECF 1).

9.      On September 15, 2023, Defendants filed their Rule 26 Disclosures with this Court (ECF 15).

10.     On September 26, 2023, in support of this Motion, Defendants:  (i) re-filed the State Court Concordia Aff. and all the exhibits attached thereto as the Affidavit of Cynthia Concordia (the "Concordia Aff.") with exhibits (ECF 18-5 through 18-14) and (ii) re-filed the State Court Mischel Aff. and all the exhibits attached thereto as the Affirmation of Jason R. Mischel (the "Mischel Aff.") with exhibits (ECF 18-2 through 18-4).

## **ARGUMENT**

**I.      THE MOTION SHOULD BE GRANTED BECAUSE PLAINTIFF'S ARGUMENT, IN PLAINTIFF'S MOL, THAT "THE COURT SHOULD EXCLUDE THE STATEMENTS DEFENDANTS SUBMITTED IN THE CONCORDIA AFFIDAVIT AND THE AFFIRMATION OF DEFENDANTS' COUNSEL BECAUSE THEY ARE NOT ALLEGED IN THE AMENDED COMPLAINT" IS WITHOUT MERIT**

Defendants, in the MOL, summarily argued as follows:

(i)     Pursuant to Fed. R. Civ. P. §12(b)(6), a Complaint is subject to dismissal for failure to state a claim upon which relief can be granted (Fed. R. Civ. P. §12(b)(6));

(ii)    under New York law, a plaintiff bank defrauded by wrongdoers who invested the stolen money through third party defendants cannot recover the stolen money from the defendants who received such funds in good faith in the usual course of business and for valuable consideration (First Union Nat'l Bank v. A.G. Edwards & Sons, Inc., 262 A.D.2d 106, 107 (1st Dept. 1999) [citing, *inter alia*, Banque Worms v. BankAmerica Intl., 77 N.Y.2d 362, 372-373 (1991), Aneless Corp. v. Woodward, 262 N.Y. 326, 329 (1993) and Securities & Exch. Commn. v. Lehman Bros., 157 F.3d 2, 6-7 (1st Cir. 1998) and granting defendants' motion to dismiss defrauded plaintiff bank's complaint by ruling that "the victim of a fraud cannot pursue the money taken from him by the wrongdoer into the hands of (defendants) who (have) received such funds in good faith in the usual course of business and for valuable consideration"]; see also Sh575b Holdings Llc v. Reliable Abstract Co., 195 A.D.3d 429, 431 (1st Dept. 2021) [citing Georgia Malone & Co., Inc. v. Rieder, 19 N.Y.3d 511, 516 (2012) and Parsa v. State of New York, 64 N.Y.2d 143, 148 (1984) and dismissing Plaintiff's claims for unjust enrichment and money had and received because "the moving defendants were also victims of (the wrongdoer's) scheme, and received their funds in good faith (so) it would not be against equity and good conscience to permit to retain them"]);

(iii)   under this Court's precedent, a complaint is subject to dismissal when it contains no facts alleging that a defendant actually participated in any fraudulent or

conversion scheme upon a plaintiff and simply contains conclusory allegations that a defendant controlled the account where stolen funds at issue were received (Schottenstein v. Lee, 2023 U.S. Dist. LEXIS 116146 at **5-6 (S.D.N.Y. July 6, 2023) (ruling plaintiff failed to state a claim for conversion against defendant because the complaint "pleads no facts to suggest that (defendant) was involved in the alleged underlying conversions" and that the complaint "alleges…in conclusory terms, that (defendant) converted funds previously stolen from (plaintiff) (and) contains no facts explaining (defendant's) purported involvement in the alleged conversion scheme other than his control of an account that received stolen funds"));

(iv)    the Amended Complaint filed in the Previous State Court Action and re-filed in this matter (the "Amended Compl."):  a) contains no facts alleging that defendants actually participated in any fraudulent or conversion scheme upon Plaintiff; and b) simply alleges that Defendants controlled the account where the stolen funds at issue in this matter were received (ECF 1-2); and

(v)    because:  a) the documentary evidence attached to the State Court Concordia Aff., the Concordia Aff., the State Court Mischel Aff. and the Mischel Aff. clearly demonstrates that Plaintiff was defrauded by third parties who invested the stolen money through Concordia and Dream, Plaintiff cannot recover the stolen money from Concordia and Dream, who had received such funds in good faith in the usual course of business and for valuable consideration and b) the Amended Compl. i) contains no facts alleging that defendants actually participated in any fraudulent or conversion scheme upon Plaintiff; and ii) simply alleges that Defendants controlled

5

the account where the stolen funds at issue in this matter were received, the Motion should be granted and the Amended Compl. should be dismissed (Fed. R. Civ. P. §12(b)(6); First Union Nat'l Bank, supra; Banque Worms, supra; Aneless Corp., supra; Securities & Exch. Commn, supra; Sh575b Holdings Llc., supra; Georgia Malone, supra; Parsa, supra; ECF 1-2; Mischel Aff., Ex. A; Schottenstein, supra).

MOL, pp. 7-12.

Plaintiff, in Plaintiff's MOL, first argues that "the Court should exclude the statements included and exhibits attached to the (Concordia Aff.) and the (Mischel Aff.) not alleged or incorporated in the Amended Complaint" because, *inter alia*, "this Court should not take judicial notice of the statements in the (Concordia Aff. and Mischel Aff.)" and cites Topalian v. Hartford Life Ins. Co., 945 F.Supp.2d 294, 361 (E.D.N.Y. 2013) in support (Plaintiff's MOL, p. 6).

However, the Court in Topalian actually ruled that "a court may take judicial notice of a document filed in another court…to establish the fact of such litigation and related filings" (Id., at 361; see also Simmons v. Trans Express Inc., 16 F.4th 357, 360 (2d Cir. 2021).  As stated above:

(i)     on February 8, 2022, the Amended Compl. (ECF 1-2) was filed in the Previous State Court Action;

(ii)    on February 28, 2022, Defendants filed a Motion to Dismiss the Amended Complaint in the Previous State Court Action that included:  a) the State Court Concordia Aff. and all the exhibits attached thereto that were collectively re-submitted in this Court by Plaintiff in the Notice of Removal (ECF 1-14 through 1-23); and b) the State Court Mischel Aff. and all the exhibits attached thereto that were collectively re-submitted in this Court by Plaintiff in the Notice of Removal (ECF 1-11 through ECF 1-13); and

6

(iii)   in support of this Motion, Defendants:  (i) re-filed the State Court Concordia Aff. and all the exhibits attached thereto as the Concordia Aff. with exhibits (ECF 18-5 through 18-14) and (ii) re-filed the State Court Mischel Aff. and all the exhibits attached thereto as the "Mischel Aff. with exhibits (ECF 18-2 through 18-4).

Thus, this Court can properly take judicial notice of the Concordia Aff., Mischel Aff. and the exhibits attached thereto (Topalian, supra; Simmons, supra).

However, regardless of the judicial notice issue, this argument completely fails to address Defendants' argument that this Court ruled that a complaint is subject to dismissal when it contains no facts alleging that a defendant actually participated in any fraudulent or conversion scheme upon a plaintiff and simply contains conclusory allegations that a defendant controlled the account where stolen funds at issue were received (Schottenstein, supra).  In this matter, ***the Amended Compl. does not allege that Defendants participated in any fraudulent or conversion scheme and simply contains conclusory allegations that Defendants controlled the account where stolen funds at issue were received.***  Thus, Plaintiff's argument has no merit.

## II.   THE MOTION SHOULD BE GRANTED BECAUSE PLAINTIFF'S ARGUMENT, IN PLAINTIFF'S MOL, THAT THE MOTION SHOULD NOT BE CONVERTED TO A MOTION FOR SUMMARY JUDGMENT IS WITHOUT MERIT

Plaintiff, in Plaintiff's MOL, then summarily argues that "the Court should decline to convert the Motion into a motion for summary judgment because Plaintiff has not had an opportunity to discover information essential to its claims and Defendants' defenses" and cites Trebor Sportswear Co., Inc. v. The Limited Stores, Inc., 865 F.2d 506, 511 (2d Cir. 1989) in support (Plaintiff's MOL, p. 8).

However, the Court in Trebor Sportswear Co., Inc. actually ruled that "the trial court may properly deny further discovery if the nonmoving party has had a fully adequate opportunity for

discovery" (Id., at 511; see also Cimontubo – Tubagens E Soldadura v. Petroleos DE Venezuela, S.A., 2022 U.S. App. LEXIS 16513 at *9 (2d Cir. June 15, 2022).

As stated above:

(i)     on January 12, 2022, counsel for Plaintiff emailed counsel for Defendants the 1/12/22 Plaintiff Discovery Notice Email to provide notice that Plaintiff received documents from JP Morgan Chase pursuant to a Subpoena Duces Tecum (Mischel Reply Aff., Ex. A);

(ii)    on February 8, 2022, the Amended Compl. (ECF 1-2) was filed in the Previous State Court Action;

(iii)   on February 24, 2022, counsel for Plaintiff emailed counsel for Defendants  the 2/24/22 Plaintiff Discovery Notice Emails to provide notice that Plaintiff received additional documents from JP Morgan Chase and documents from Wells Fargo pursuant to Subpoenas Duces Tecum (Mischel Reply Aff., Ex. B);

(iv)    on March 21, 2022, counsel for Plaintiff emailed counsel for Defendants the 3/21/22 Plaintiff Discovery Notice Email to provide notice that Plaintiff received additional documents from Wells Fargo pursuant to a Subpoena Duces Tecum (Mischel Reply Aff., Ex. C);

(v)     on May 6, 2022, counsel for Plaintiff emailed counsel for Defendants the 5/6/22 Plaintiff Discovery Notice Email to provide notice that Plaintiff received additional documents from JP Morgan Chase pursuant to a Subpoena Duces Tecum (Mischel Reply Aff., Ex. D);

(vi)    at no time between February 8, 2022 and August 15, 2023 did Defendants receive discovery demands from Plaintiff;

(vii)   on August 15, 2023, more than eighteen (18) months after filing the Amended Compl., Plaintiffs filed its Notice of Removal of this matter to this Court (ECF 1); and

(viii)  on September 15, 2023, Defendants filed their Rule 26 Disclosures with this Court (ECF 15).

Thus, it is, *prima facie*, apparent that Plaintiff has had a "fully adequate opportunity for discovery" in this matter that dates back to the Amended Compl. being filed on February 8, 2022 (ECF 1-2), and this Court may properly deny further discovery and convert the Motion to a motion for summary judgment (Trebor Sportswear Co., Inc,, supra; Cimontubo – Tubagens E Soldadura, supra).

However, regardless of the summary judgment conversion issue, this argument once again completely fails to address Defendants' argument that this Court ruled that a complaint is subject to dismissal when it contains no facts alleging that a defendant actually participated in any fraudulent or conversion scheme upon a plaintiff and simply contains conclusory allegations that a defendant controlled the account where stolen funds at issue were received (Schottenstein, supra).  In this matter, ***the Amended Compl. does not allege that Defendants participated in any fraudulent or conversion scheme and simply contains conclusory allegations that Defendants controlled the account where stolen funds at issue were received.***  Thus, Plaintiff's argument has no merit.

## III.   THE MOTION SHOULD BE GRANTED BECAUSE PLAINTIFF'S ARGUMENT, IN PLAINTIFF'S MOL, THAT "THE COURT SHOULD REJECT ARGUMENT SECTIONS I AND II OF THE MOTION BECAUSE THEY IMPROPERLY INCORPORATE STATEMENTS OUTSIDE THE AMENDED COMPLAINT" IS WITHOUT MERIT

Plaintiff, in Plaintiff's MOL, then baldly argues, without any supporting precedent whatsoever, that "Even if the Court did not exclude (the Concordia Aff., Mischel Aff. and all exhibits attached to each thereto), the Court should still reject Arguments I and II (of the MOL) because these arguments raise factual disputes with the allegations in the Amended Complaint and do not warrant a pre-answer dismissal based on law" (Plaintiff's MOL, p,. 8).

Defendants rely on their arguments made in Points I and II in the MOL.  Further, this argument once again completely fails to address Defendants' argument that this Court ruled that a complaint is subject to dismissal when it contains no facts alleging that a defendant actually participated in any fraudulent or conversion scheme upon a plaintiff and simply contains conclusory allegations that a defendant controlled the account where stolen funds at issue were received (Schottenstein, supra).   In this matter, *the Amended Compl. does not allege that Defendants participated in any fraudulent or conversion scheme and simply contains conclusory allegations that Defendants controlled the account where stolen funds at issue were received.*  Thus, Plaintiff's argument has no merit.

## IV.   THE MOTION SHOULD BE GRANTED BECAUSE PLAINTIFF'S ARGUMENT, IN PLAINTIFF'S MOL, THAT "PLAINTIFF'S CLAIMS FOR UNJUST ENRICHMENT AND CONVERSION ARE NOT DUPLICATIVE" IS WITHOUT MERIT

Defendants, in the MOL, summarily argued as follows:

(i)      under New York law, claims for unjust enrichment that are based on the same facts as a claim for conversion are subject to dismissal as being duplicative of the conversion claim, regardless of whether the conversion claim fails (Roxx Alison Ltd. v. Shutle, Inc., 2021 N.Y. Misc. LEXIS 5951 at *6-7 (Sup. Ct. N.Y. Cty) (Reed, J.), citing Corsello v. Verizon New York, Inc., 18 N.Y.3d 777 (2012) (dismissing Plaintiff's unjust enrichment claims as "based on the same facts as the

conversion claims" and that "(t)o the extent the conversion claims succeed, the unjust enrichment claims are duplicative (and) (i)f the conversion claims fail, the unjust enrichment claim does not remedy the defect"); <u>Feldman v. Strulovitch</u>, 2022 U.S. Dist. LEXIS 147552 n. 5 at 16 (S.D.N.Y. August 17, 2022) (unjust enrichment claim is duplicative of conversion claim as "plaintiff have asserted a series of remedies based around one cause of action")); and

(ii)    in this matter, the unjust enrichment claim and the conversion claim contained in the Amended Compl. are based on the same facts and therefore because under New York law the unjust enrichment claim is duplicative of the conversion claim if the conversion claim succeeds, and even if the conversion claim fails, the unjust enrichment claim does not remedy the defect, the Motion should be granted (Fed. R. Civ. P. §12(b)(6); <u>Roxx Alison Ltd.</u>, supra; <u>Corsello</u>, supra; <u>Feldman</u>, supra).

MOL, p. 14.

Plaintiff, in Plaintiff's MOL, argues that "unjust enrichment…is…a separate cause of action from the cause of action for conversion and can be pled simultaneously" and cites <u>Simpson & Simpson, PLLC v. Lippes Mathias Wexler Friedman LLP</u>, 130 A.D.3d 1543, 1546 (4th Dept. 2015) and <u>Pokoik v. Gittens</u>, 171 A.D.2d 470, 471 (1st Dept. 1991) in support (Plaintiff's MOL, p. 10).

However, in <u>Simpson & Simpson, PLLC</u>, the Court **solely** relied on the Fourth Department's 2001 decision in <u>Citipostal, Inc. v. Unistar Leasing</u>, 283 A.D.2d 916, 918-919 (4th Dept. 2001) – a decision, like that of the First Department's decision in <u>Pokoik</u>, that **pre-dates** the Court of Appeals' decision in <u>Corsello</u>, supra - in a **one-sentence conclusory determination** that unjust enrichment is a separate cause of action from the cause of action for conversion (<u>Simpson</u>

& Simpson, PLLC, supra, 130 A.D.3d at 1546).  Indeed, as the Court of Appeals ruled in its 2012

decision in Corsello, "An unjust enrichment claim is not available where it simply duplicates, or

replaces, a conventional contract or tort claim."  Corsello, supra, 18 N.Y.3d at 740; see also Espire

ADS LLC v. Tapp Influencers Corp., 2023 U.S. Dist. LEXIS 24231 at *57 (S.D.N.Y. February

13, 2023) (citing Corsello and dismissing claim for unjust enrichment as duplicative of conversion

claim).

Further, it is axiomatic that "a federal court sitting in diversity applies the law of the state

in which it sits, and the views of the state's highest court with respect to state law are binding on

the federal courts" (Media Glow Digital, LLC v. Panasonic Corp., 2019 U.S. Dist. LEXIS 37012

at *50 (S.D.N.Y. March 6, 2019) citing Wainwright v. Goode, 464 U.S. 78, 84, 104 S.Ct. 378

(1983)).

Finally, this argument once again completely fails to address Defendants' argument that

this Court ruled that a complaint is subject to dismissal when it contains no facts alleging that a

defendant actually participated in any fraudulent or conversion scheme upon a plaintiff and simply

contains conclusory allegations that a defendant controlled the account where stolen funds at issue

were received (Schottenstein, supra).  In this matter, *the Amended Compl. does not allege that*

*Defendants participated in any fraudulent or conversion scheme and simply contains*

*conclusory allegations that Defendants controlled the account where stolen funds at issue were*

*received.*  Thus, Plaintiff's argument has no merit.

V.     **THE MOTION SHOULD BE GRANTED BECAUSE PLAINTIFF'S ARGUMENTS, IN PLAINTIFF'S MOL, THAT "DEFENDANTS DID NOT RECEIVE THE FRAUDULENT FUNDS IN GOOD FAITH, IN THE USUAL COURSE OF BUSINESS AND FOR VALUABLE CONSIDERATION" AND THAT "DEFENDANTS WERE PART OF AND ACTIVELY PARTICIPATED IN THE FRAUDULENT SCHEME, AND UNDOUBTEDLY TRANSFERRED THE FRAUDULENT FUNDS INTO ACCOUNTS UNEQUIVOCALLY CONTROLLED BY DEFENDANTS" ARE WITHOUT MERIT**

As stated above, Defendants, in the MOL, summarily argued as follows that:

(i)     under New York law, a plaintiff bank defrauded by wrongdoers who invested the stolen money through third party defendants cannot recover the stolen money from the defendants who received such funds in good faith in the usual course of business and for valuable consideration (First Union Nat'l Bank, supra, citing, *inter alia*, Banque Worms, supra, Aneless Corp., supra and Securities & Exch. Commn., supra and granting defendants' motion to dismiss defrauded plaintiff bank's complaint by ruling that "the victim of a fraud cannot pursue the money taken from him by the wrongdoer into the hands of (defendants) who (have) received such funds in good faith in the usual course of business and for valuable consideration"]; see also Sh575b Holdings Llc , supra, citing Georgia Malone & Co., Inc., supra and Parsa, supra and dismissing Plaintiff's claims for unjust enrichment and money had and received because "the moving defendants were also victims of (the wrongdoer's) scheme, and received their funds in good faith (so) it would not be against equity and good conscience to permit to retain them")); and

(ii)    under this Court's precedent, a complaint is subject to dismissal when it contains no facts alleging that a defendant actually participated in any fraudulent or conversion scheme upon a plaintiff and simply contains conclusory allegations that a defendant controlled the account where stolen funds at issue were received (Schottenstein v. Lee, 2023 U.S. Dist. LEXIS 116146 at **5-6 (S.D.N.Y. July 6, 2023) (ruling plaintiff failed to state a claim for conversion against defendant because the complaint "pleads no facts to suggest that (defendant) was involved in the alleged underlying conversions" and that the complaint "alleges…in conclusory

13

terms, that (defendant) converted funds previously stolen from (plaintiff) (and) contains no facts explaining (defendant's) purported involvement in the alleged conversion scheme other than his control of an account that received stolen funds")); and

(iii) the Amended Compl.:  a) contains no facts alleging that defendants actually participated in any fraudulent or conversion scheme upon Plaintiff; and b) simply alleges that Defendants controlled the account where the stolen funds at issue in this matter were received (ECF 1-2)

(MOL, pp. 7-12).

Plaintiff, in Plaintiff's MOL, first attempts to distinguish the First Department's ruling in First Union Nat'l Bank by baldly stating that, unlike the facts in First Union Nat'l Bank, "Concordia had constructive notice of the fraud, which she ignored, (and) Concordia had direct involvement and participated in the fraud using her bank accounts which she opened solely to engage in fraudulent conduct" and that "a reasonable person in Concordia's situation would undeniably have found the circumstances to be suspicious and – at the very least – would have investigated further before continuing with the transactions" (Plaintiff's MOL, p. 13).

Putting aside Plaintiff's arbitrary and capricious acting as the judge and jury of Defendants' reasonableness, this entire argument, once again, is negated by the fact that it completely fails to address Defendants' argument that this Court ruled that a complaint is subject to dismissal when it contains no facts alleging that a defendant actually participated in any fraudulent or conversion scheme upon a plaintiff and simply contains conclusory allegations that a defendant controlled the account where stolen funds at issue were received (Schottenstein, supra).  In this matter, *the Amended Compl. does not allege that Defendants participated in any fraudulent or conversion*

***scheme and simply contains conclusory allegations that Defendants controlled the account*** ***where stolen funds at issue were received.*** Thus, Plaintiff's argument has no merit.

Then, on page 15 of Plaintiff's MOL, Plaintiff finally attempts to distinguish <u>Schottenstein</u> by baldly stating that "Unlike <u>Schottenstein</u>, however, here, Plaintiff alleged how Concordia was specifically involved with the receipt of Fraudulent Funds into Defendants' accounts and transferred the Fraudulent Funds in multiple transactions to their newly opened accounts" and citing paragraphs 7, 17, 18 and 19 of the Amended Compl. (Plaintiff's MOL, pp. 15-16).

In <u>Schottenstein</u>, the Court denied Plaintiff's motion to amend the first amended complaint to allege that a potential defendant "converted funds" but contained "no facts explaining (the potential defendant's) purported involvement in the alleged conversion scheme other than his control of an account that received stolen funds" and that the proposed amendment contained "no allegations…that (the potential defendant) ***otherwise knew that he wrongfully possessed the*** ***plaintiffs' property*** in his jointly held account" (<u>Schottenstein</u>, supra, at \*\*5-6) (emphasis added).

Paragraphs 7, 17, 18 and 19 of the Amended Compl. state as follows:

> 7.      Specifically, TD Bank received $1,445,326.50 and Chase received $825,000 ("Fraudulent Funds").
>
> 17.     On June 14, 2021, Concordia and Dream to Rise used $380,000.00 of the Fraudulent Funds in the Dream to Rise Chase Account to purchase a cashier's check, which Concordia deposited in an account in Concordia's name at Wells Fargo Bank.
>
> 18.     Also, on June 14, 2021, Concordia opened a checking account at Chase in her own name ("Concordia's Personal Chase Checking Account").
>
> 19.     Concordia withdrew $250,000 of the Fraudulent Funds in the Dream to Rise Chase Account and deposited it in Concordia's Personal Chase Checking Account.

(ECF 1-2).

Further, absolutely nowhere in the Amended Compl. is there an allegation that Defendants *knew that they wrongfully possessed the Plaintiff's property* (ECF 1-2)[1].

Thus, like the proposed second amended complaint that failed to state a claim against the potential defendant in <u>Schottenstein</u>, the Amended Compl. in this matter fails to state a claim against Defendants, as it wholly fails to explain Defendants' purported involvement in the alleged conversion scheme other than their control of accounts that received stolen funds and that contains **<u>no</u>** allegations that Defendants otherwise **<u>knew</u>** that they possessed the Plaintiff's property.  As such, Plaintiff's argument has no merit.

## VI.   THE MOTION SHOULD BE GRANTED BECAUSE PLAINTIFF'S ARGUMENT, IN PLAINTIFF'S MOL, THAT "THE FUNDS CAN BE SPECIFICALLY IDENTIFIED," IS WITHOUT MERIT

Defendants, in the MOL, summarily argued as follows:

(i)     under New York law, when a conversion claim is asserted with respect to money, the funds must be specifically identifiable, and if the funds became commingled in an unsegregated account with monies already in it, the conversion claim must fail.  <u>Sh575 Holdings LLC</u>, supra, 195 A.D.3d at 430 (dismissing a claim for conversion as the "Plaintiff failed to show that the funds at issue were specifically identifiable…(as) upon their transfer therein, became commingled with monies that were already in it, rendering them no longer specifically identifiable"); <u>Schottenstein</u>, supra, at **6-7, citing <u>Family Health Mgt., LLC v. Rohan Devs., LLC</u>, 207 A.D.3d 136 (1st Dept. 2022) (ruling stolen funds were not specifically identifiable as

---

[1]     Although Paragraph 21 of the Amended Compl. alleges that **<u>non-party</u>** JP Morgan Chase Bank, N.A. ("Chase") "(o)n information and belief…spoke to Concordia and requested that she return the…Fraudulent Funds" (ECF 1-2), there is no allegation whatsoever in the Amended Compl. that Defendants "knew" they wrongfully possessed the Plaintiff's property (ECF 1-2).

"(t)here is no allegation that the (stolen funds were) ever segregated in (defendant's account) through which it moved prior to the deposit in (defendant's account) or segregated in some fashion within (defendant's account)"; and

(ii)   because the $825,000.00 in funds wired to the Dream Chase Bank Account became commingled in an unsegregated account with $2,000.00 of funds already in it, the conversion claim must fail and the Motion should be granted (Fed. R. Civ. P. §12(b)(6); <u>Sh575 Holdings LLC</u>, supra; <u>Schottenstein</u>, supra; <u>Family Health Mgt., LLC</u>, supra).

MOL, pp. 12-14.

Plaintiff, in Plaintiff's MOL, baldly argues, without any supporting precedent whatsoever, that "even comingled funds in an account can be identifiable" and "the Fraudulent Funds are easily identified and segregated from the $2,000 already in the Dream Chase Account" (Plaintiff's MOL, pp. 17-18). Defendants simply rely upon its cited precedents of <u>Sh575 Holdings LLC</u>, supra, <u>Schottenstein</u>, supra, and <u>Family Health Mgt., LLC</u> to render Plaintiff's argument without merit.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## **CONCLUSION**

For the foregoing reasons, the Court should grant the Motion and order such other and

further relief as may be appropriate or necessary in favor of Defendants.

Dated:  November 15, 2023
            New York, New York

Jason R. Mischel, Esq.
James J. DeCristofaro, Esq.
The Lawyer James
462 Seventh Ave Fl 6
New York, New York 10018
Tel.  (212) 500-1891
E-mail:  james@dclfirm.com
jrm@jrmlegalresearch.com

*Attorneys for Defendants*

18